IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ZULMA NORIS BERRIOS-GONZALEZ; ZULMARY DEL VALLE-BERRIOS; ARELYS MARIE DEL VALLE-BERRIOS; DALINETTE DEL VALLE-SANTIAGO; ISMAEL DEL VALLE-ORTIZ<br><br>Plaintiffs<br><br>vs<br><br>HOSPITAL HIMA SAN PABLO DE HUMACAO INC. and its unknown INSURER "A;" DR. JORGE RIVERA-RIVERA, his unknown INSURER "B" and his unknown CONJUGAL PARTNERSHIP "C;" DR. NERILY TORRES, her unknown INSURER "D" and her unknown CONJUGAL PARTNERSHIP "E;" DR. JOSE ROSADO, his unknown INSURER "F" and his unknown CONJUGAL PARTNERSHIP "G;" UNKNOWN DEFENDANTS and/or DEFENDANTS WHOSE IDENTITY OR EXISTENCE IS UNKNOWN "H" TO "Z"<br><br>Defendants | CIVIL 14-1301CCC |

**EVIDENTIARY RULING ON LIFE EXPECTANCY
AND PRESENT VALUE TABLES**

The March 16, 2017 Order (d.e. 140) granted a Motion in Limine to exclude from trial the introduction of tax returns or any evidence of lost future earnings filed by defendants at docket entry 126 on August 29, 2016. The Order stated at page 2 that "plaintiffs have not submitted, beyond the tax returns announced, any evidence that would allow the jury to make calculations on their lost future earnings claim." In highlighting this shortage of evidence, the Court pointed out that "in order to establish this claim [referring to lost future earnings] under Puerto Rico law, actuarial life tables are utilized to

determine the life expectancy of the deceased and the present value tables to calculate the lost future earnings present value." Plaintiffs had not submitted either actuarial life tables or present value tables as part of the evidence listed in the Joint Proposed Pretrial Order approved at the July 19, 2016 pretrial conference.

In response to this in-limine ruling, plaintiffs filed on March 29, 2017 (**d.e. 147**) a Request to Take Judicial Notice of the Actuarial Life Tables Thus Allowing Widow Zulma Del Valle's Loss of Income Claim. This is the title of the Motion. What it actually requests is that the Court take judicial notice not only of the actuarial life tables but also of present value tables to calculate loss of future income. Plaintiffs portray this as a routine judicial notice request that could be made at any time in the proceeding. In sum, they seek that the Court judicially notice the tables of life expectancy and the present value tables which, along with the tax returns and the widow's own testimony, would establish the loss of future earnings.

Although the March 16, 2017 Order (d.e. 140) grants <u>defendants'</u> Motion in Limine, plaintiff's prayer is that said Order be amended "to allow the presentation of the economic evidence by widow Zulma Berrios." This request is not only misplaced, it provides no inkling as to what "the widow's own testimony of the life expectancy and present value tables" would be.

Plaintiffs also read too much in our observation that the Puerto Rico Supreme Court does not require an expert in economy to prove lost future earnings. <u>See</u> March 16, 2017 Order, page 2. That statement in <u>Acosta & Rodas, Inc. v. PRAICO</u>, 112 D.P.R. 583, 12 P.R. Offic. Trans. 730 (1982), was made in a much narrower factual context than that before us. PRAICO

contended that no expert evidence had been submitted to support the compensation awarded for lost profits. The Court's response acknowledged that "the testimonies offered by the parties, although not necessarily as experts but as persons well versed on the loan and construction business," defeated the objection based on absence of expert testimony. Expert testimony was foregone because there were testimonies offered of "persons well versed" on the specific subject in issue. In contrast, the plaintiffs in our case have only proffered the widow's testimony. The only indication up to this moment regarding the widow's testimony has to do with her dependence on her late husband's income. We can only speculate whether the widow is well versed to any degree on the matter of the actuarial tables and the present value tables that would guide the jury in this case to make a determination as to the existence and amount of loss of future income. Plaintiffs cite Crane v. Crest Tankers Inc., 47 F.3d 292, 295 (8th Cir. 1995) in support of the statement that "courts routinely take judicial notice of tables of life expectancy, mortality and present value of future payments and losses." This is not entirely accurate. The Eighth Circuit Court of Appeals in that case acknowledged that "[t]ypically, the district court will, as here, take judicial notice of the plaintiff's life expectancy" and added at page 295, footnote 4: "We are not bothered by the admission of the life expectancy table . . . [i]t has long been held that life expectancy tables are admissible in damages actions." At that same footnote 4, it when on to comment that "admission of the work life expectancy table is not particularly troubling, although we are concerned that little else was offered to prove this portion of the appellee's case." It referred to the "present value table" as the most troubling. At footnote 5, it described the "present

value table" as particularly important as to the future loss wages component of a damages award, because these are typically reduced to present value. At page 296 of the opinion, the Court placed the matter in perspective: "There is little doubt that life expectancy or mortality tables are often used by attorneys and courts. This is not the case with regard to the work life expectancy table nor the present value table."

Plaintiffs insist that the Court admit the present value table as an important component to establish the amount of loss of future income. What plaintiffs do not address is how, if admitted, these tables will be explained to the jury, particularly how will the jurors use the present value table to calculate the amount of loss of future income for as expressed in Taenzler v. Burlington Northern, 608 F.2d 796, 798 (8th Cir. 1979), "the appropriate measure of damages in this kind of case is not the total amount of future earnings projected to be lost but the present value of that sum." Although the Puerto Rico Supreme Court commented that an expert is not required and that a well versed person could address the subject, as most cases recognize including Crane generally an expert witness is utilized to testify on matters such as work life expectancy, future damages and methods for discounting the same to present value. Without an expert or a person proved to be well versed in these matters, the jury will be left to navigate on its own the deep waters surroundings determinations such as the present value of the total amount of future earnings. The admission of these tables, particularly the important present value tables, without an explanation of the method they are to use for discounting the total amount of future earnings to present value, will lead to confusion during the jury deliberation since plaintiffs are asking that the same

CIVIL 14-1301CCC                 5

be admitted with no foundation laid or witness offered to assist them to understand these tables in order for them to reach a determination of the issue of present value of future earnings.

For the reasons above stated, plaintiffs' request filed on March 29, 2016 (**d.e. 147**) that the Court take judicial notice of actuarial life tables and present value tables to calculate loss of future income is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on July 31, 2017.

                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge